THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| CHRISTOPHER ROBERTSON,<br><br>Plaintiff,<br>v.<br><br>JUSTIN LAW, CHAD LOVELAND, IAN COOPER, CHRISTOPHER MANN, JEFFREY THOMSON JR., HASON NELSON, JANE DOE (paralegal), FARMINGTON CITY, LAYTON CITY and DAVIS COUNTY,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 1:25-cv-00132-DBP<br><br>Magistrate Judge Dustin B. Pead |

This matter comes before the court on two motions to dismiss. Defendants Justin Law's and Chad Lovenland's Motion to Dismiss.[1] And Defendants Davis County's, Jason Nelson's, and Jeffory Thomson's Motion to Dismiss.[2] This case arises from circumstances involving the chase and eventual apprehension of Plaintiff Christopher Robertson who stole a Chevy Tahoe. Robertson is proceeding pro se and brings several claims including excessive force, malicious prosecution, fabrication of evidence, and substantive due process violations. As set forth herein, the court denies the respective motions to dismiss without prejudice and will stay this matter pending resolution of the underlying case.

[1] Moton to Dismiss, ECF No. 10.

[2] Motion to Dismiss, ECF No. 15.

## BACKGROUND

The allegations in Plaintiff's Complaint provide the following.[3] The court also incorporates the facts from Plaintiff's relevant criminal case.[4]

On October 2, 2021, Plaintiff Robertson stole a Chevy Tahoe from a local dealership. Unbeknownst to Robertson, the vehicle was equipped with an OnStar GPS tracking system. Around 11:45 a.m., officers from the Layton Police Department initiated a traffic stop on the Tahoe. However, Robertson "took off and was able to lose the police officers" eventually coming to a "secluded area in another part of the county."[5] Robertson acknowledges that, at this point, he was "wanted for a dealership burglary, a stolen vehicle, and failure to respond to an officers signal to stop."[6]

Between 12 pm and 12:30 pm, officers tracked Robertson to "an empty field [where he] parked on a dirt road behind a bush."[7] Robertson "parked trying to hide the vehicle in preparation to abandon it on foot…"[8] Robertson alleges Trooper Law, in a "V-formation" with two other officers, approached his location "without lights or sirens" and "rammed [Robertson] head-on with his patrol car while [Robertson] sat in the Chevy Tahoe."[9] The impact disabled

---

[3] In reviewing a 12(b)(6) motion to dismiss, the court assumes the truth of the well-pleaded facts and draws reasonable inference in a light more favorable to the plaintiff. *See Leverington v. City of Colo. Springs*, 643 F.3d 719, 723 (10th Cir. 2011).

[4] In the context of a motion to dismiss, this court may take judicial notice of a state court docket and filings. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp*., 605 F.2d 1169, 1172 (10th Cir. 1979) ("[I]t has been held that federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.*"); Stack v. McCotter, No. 02-4157*, 79 F. App'x 383, 391 (10th Cir. Oct. 24, 2003) (recognizing that the court can take judicial notice of a state district court docket sheet).

[5] Complaint at 5, ECF No. 1.

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

Law's vehicle but not the Tahoe. After the impact, officers "jumped out of their patrol cars and pointed their firearms at [Robertson]."[10] Robertson claims Law's ramming the stolen Tahoe "created a level of trauma", which was improper, because he was not wanted for violent crimes, nor was he a threat to the officers or anyone else in the vicinity.

Robertson then "put the [Tahoe] in reverse and slowly pulled around the wrecked police car and left the scene; leading police on a chase that "did not end until 2:45pm."[11] Plaintiff was apprehended miles from where the chase started near some marshlands in Syracuse, Utah after leaving the vehicle and fleeing on foot. He was later booked into jail.

In January 2022, Robertson was charged with seventeen criminal counts including Assault Against a Peace Officer or Military Service Member. In January 2023, Plaintiff was convicted of multiple counts.[12]

In the instant matter Robertson brings the following claims or causes of action: 1) Excessive force in violation of the Fourth Amendment, or in the alternative Fifth and Fourteenth Amendments, against Defendant Trooper Justin Law; 2) Malicious prosecution for assault on a

---

[10] *Id.*

[11] *Id.* at 5-6; *see also State v. Robertson EOR* – Amended Information, attached as Ex. 6 to Defendant's Motion (probable cause statement narrating Robertson's evasion of law enforcement officers after the impact with Defendant Law's vehicle:

> "Other police officers from other agencies also pursued [Robertson], signaling him to stop and a helicopter then became involved, tracking him and updating police on his location. Later on in the car chase, Robertson drove the Tahoe out into western Syracuse. As he entered a rural part of Syracuse, police (again) attempted a PIT maneuver to stop him (something attempted earlier…). Police were finally able to stop the vehicle. They issued oral orders to Robertson to stop. He did not. Instead, he got out of the Tahoe, turned, and fled west into some wetlands, hiding under some reeds in the water. Police ultimately apprehended him.").

[12] These included "Count 1 - theft (2nd degree felony); Count 3 - burglary (3rd degree felony); Count 4 – Failure to Respond to an Officer's Signal to Stop (3rd degree felony); Count 5 - Failure to Stop at Command of Law Officer (Class A misdemeanor); Count 6 – Theft by Receiving Stolen Property (2nd degree felony); Count 9 – Possession or Use of a Controlled Substance (Class A misdemeanor); Count 10 – Reckless Endangerment (Class A misdemeanor); Count 15 – Vehicle Burglary (Class A misdemeanor); Count 16 – Vehicle Burglary (Class A misdemeanor) and Count 17 – Driving with an Measure of Controlled Substance in the Body (Class B misdemeanor)." Defendant's Motion at 11-12.

police officer with a dangerous weapon (Fourth and Fourteenth Amendment violations) against Defendant Trooper Justin Law; 3) Conspiracy to malicious prosecution violating Fourth and Fourteenth Amendments, against Defendants Trooper Chad Loveland, Officer Ian Cooper, Detective Christopher Mann, Paralegal Jane Doe, Prosecutor Jeff Thomson, and Prosecutor Jason Nelson; 4) Fabrication of evidence Fourteenth Amendment Violation against Defendants Trooper Justin Law, Trooper Chad Loveland, Officer Ian Cooper, Detective Christopher Mann, Paralegal Jane Doe, Prosecutor Jeff Thomson, and Prosecutor Jason Nelson; 5) Substantive due process violation Fifth and Fourteenth Amendment against Trooper Justin Law and Prosecutor Jeff Thomson; 6) Municipal liability against Farmington City; 7) Municipal liability against Layton City; and 8) Municipal liability against Davis County. Robertson seeks damages for all counts not exceeding $10,619,300.

## STANDARD OF REVIEW

In reviewing a 12(b)(6) motion to dismiss, the court assumes the truth of the well-pleaded facts and draws reasonable inference in a light more favorable to the plaintiff.[13] "To survive a motion to dismiss, a complaint must allege enough factual matter that, taken as true, makes the plaintiff's 'claim to relief… plausible on its face.'"[14] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[15] Threadbare recitals of elements, facts "merely consistent" with liability, "labels and conclusions," or "unadorned, the defendant unlawfully harmed me accusation[s]" are insufficient.[16]

[13] *See Leverington v. City of Colo. Springs*, 643 F.3d 719, 723 (10th Cir. 2011).

[14] *Irizarry v. City and County of Denver*, 661 F.Supp.3d 1073, 1038 (D. Colo. 2023) (quoting *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012)).

[15] *Hall v. Witteman*, 584 F.3d 859, 868 (10th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

[16] *Iqbal*, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In reviewing a motion to dismiss, the court may not only rely on the facts as alleged in the complaint but may also rely on all documents adopted by reference in the complaint, documents attached to the complaint, or facts that may be judicially noticed.[17] For example, in the context of a motion to dismiss, the court may take judicial notice of a state court docket and filings.[18]

On a motion to dismiss, a "pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[19] While a pro se litigant is excused from some pleading requirements like consistent legal theories, citation of legal authority, and other legal formalities, he is not relieved from "the burden of alleging sufficient facts on which a recognized legal claim could be based."[20] And the court "will not supply additional facts, nor will [it] construct a legal theory for plaintiff at assumes facts that have not been pleaded."[21] Additionally, the court should not assume the role of advocate for the pro se litigant in its liberal construction of the Complaint.[22]

---

[17] *See* Fed. R. Civ. P. 10(c); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007); *Hall v. Bellmon*, 935 F.2d 1106, 1112 (10th Cir. 1991).

[18] *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("[I]t has been held that federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."); *Stack v. McCotter, No.* 02-4157, 79 F. App'x 383, 391 (10th Cir. Oct. 24, 2003) (recognizing that the court can take judicial notice of a state district court docket sheet)

[19] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[20] *Id.*

[21] *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curium).

[22] *Id.*

## DISCUSSION

At the outset, the court notes that Plaintiff "does not oppose dismissal of damages claims against Defendants in their official capacities."[23] The court therefore dismisses the official capacity claims.

Defendants Davis County, Jeffrey Thomson, and Jason Nelson, (Davis County Defendants) seek dismissal of this case asserting under Federal Rule 12(b)(1) that it is unripe. In support they provide "By Plaintiff's own admission the underlying criminal case is still open and on appeal. Plaintiff's causes of action here are therefore contingent on the outcome of the state case."[24] Defendants argue the issues Plaintiff raises here are closely tied to the underlying criminal case and cite to *United States v. Doe*[25] from the Tenth Circuit in support of their arguments.

In *Doe*, the Tenth Circuit considered whether certain constitutional arguments were ripe for disposition. The court set forth principles that are applicable in the current matter. First, "[f]ederal courts only have subject matter jurisdiction over cases and controversies ripe for adjudication."[26] "Evaluating cases for ripeness allows courts to avoid 'premature adjudication' by refraining from 'entangling themselves in abstract disagreements.'"[27] Second, the test for ripeness requires the court consider "'(1) the fitness of the issues for judicial decision and (2) the hardship to the parties of withholding court consideration' until a later time."[28] In essence, if

[23] Opposition at 25, ECF No. 14.

[24] Motion to Dismiss at 2, ECF No. 15.

[25] 58 F.4th 1148 (10th Cir. 2023).

[26] *Id.* at 1154.

[27] *Id.* (quoting *United States v. Wilson*, 244 F.3d 1208, 1213 (10th Cir. 2001)).

[28] *Id.* (quoting *Nat'l Park Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803, 808, 123 S.Ct. 2026, 155 L.Ed.2d 1017 (2003)).

"waiting to decide a case would put [the court] in a better position to resolve the dispute, such as when further factual development would help [the court] adjudicate the case, the case may be unripe and therefore nonjusticiable."[29] That is to say, "[a] claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'"[30]

The court agrees with the Davis County Defendants that the issues Plaintiff raises are closely tied to the underlying criminal case. And the questions presented in this matter may be altered or dissolved by further action in the underlying state case. As such, the court finds the factors set forth above favor not weighing the merits of this matter at this time. Plaintiff urges the court to stay this matter pending resolution of the state appeal rather than dismiss. The court will dismiss without prejudice the Defendants' respective motions to dismiss and stay this case pending resolution of the state case.

---

[29] *Id.* at 1154-55. *See, e.g., Nat'l Park*, 538 U.S. at 812, 123 S.Ct. 2026 (quotation omitted) (finding that "further factual development would significantly advance our ability to deal with the legal issues presented.").

[30] *Texas v. United States*, 523 U.S. 296, 300, 118 S.Ct. 1257, 140 L.Ed.2d 406 (1998) (quoting *Thomas v. Union Carbide Agricultural Products Co.*, 473 U.S. 568, 580–81, 105 S.Ct. 3325, 87 L.Ed.2d 409 (1985)).

**ORDER**

The court dismisses the official capacity claims in this case.

Further, the court DENIES WITHOUT PREJUDICE DEFENDANTS' RESPECTIVE MOTIONS TO DISMISS. The court STAYS this case pending resolution of the underlying state case. The Clerk is directed to administratively close this case. Once the state case is concluded the parties may move the court to reopen the matter.

IT IS SO ORDERED.

DATED this 31 August 2026.

Dustin B. Pead
United States Magistrate Judge